**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
—————————————————————

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        **v.**               **05-CR-213A - 02**

**KELLY L. BERGMAN,**

        **Defendant.**
—————————————————————

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.

## PRELIMINARY STATEMENT

The defendant, Kelly L. Bergman ("the defendant"), is charged in a multicount indictment along with the co-defendant, Scott E. Moore, with having violated Title 21 of the United States Code, Sections 841(a)(1), 841(b)(1)(D), 841(b)(1)(C), 844(a) and Title 18 of the United States Code, Section 2 (Counts 2, 3, 5 and 6) and Title 18 of the United States Code, Section 924(c)(1) and (2) (Count 4).  (Docket No. 1).

The defendant has filed an omnibus discovery motion wherein she seeks the following:

1.      Discovery and Inspection under Rules 12 and 16 of the Federal Rules of Criminal Procedure, and pursuant to Rules 12(d), 16(a)(1)(E) and (F), a list of all physical evidence which the United States intends to seek to introduce into evidence against defendant herein, and/or any and all scientific analyses or reports related to any physical evidence herein, whether seized pursuant to warrant or not, and a hearing regarding the seizure of any such physical evidence;

2       A bill of particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure;

3.      Delivery to the defendant, pre-trial, all materials which may prove favorable to her upon the trial of this case under the authority of *Brady v. Maryland*, 373 U.S. 83 (1963);

4.      Disclosure of witness statements pursuant to Rule 26.2 of the Federal Rules of Criminal Procedure;

5.      Disclosure of Evidence pursuant to F.R.Cr.P. (sic) 404(b), 608 and 609;

6.      Preservation of rough notes from government agents and officers who participated in the investigation of the defendant and request for *in camera* review;

7.      Disclosure of informant information pursuant to *Roviaro v. United States*, 353 U.S. 53 (1957).

8.      A Motion *in limine* against the prosecution limiting their use at trial
        material, information, documents, or statements that were subject
        to the prosecution's obligation to provide discovery to the defense
        heretofore, for refusing to provide mandatory discovery materials to
        defendant's counsel which are necessary for a proper defense and
        to dismiss the Indictment as against the defendant on the grounds
        that the prosecution did not provide the necessary and requested
        discovery materials;

9.      A review of the evidence used to indict the defendant and
        presented before the grand jury and the minutes therefrom;

10.     A severance of the plaintiff's case from that of the co-defendant,
        Scott E. Moore, for the purpose of trial; and

11.     An extension of time for the defendant to make further motions for
        a reasonable time after the completion of the subjects covered by
        the present motion under circumstances where it would be
        impractical to include the subsequent motion in the present motion.

(Docket #s 7 and 8).


The government has filed a "Response" to these requests.  (Docket #9).

## DISCUSSION

### 1.     Defendant's Request For Rule 16 Fed. R. Crim. P. Materials:

The defendant has requested production of various documents and tangible objects as well as various scientific reports and laboratory analyses and disclosure of the government's proposed experts in this regard.  The defendant has also requested production of any and all statements which the government will attribute to her in the prosecution of this case along with her criminal record and history of prior bad acts.

In response to this request, counsel for the government has stated that he has turned over, or will turn over, or make available for inspection by the defendant, all materials and information to which the defendant is entitled in accordance with the requirements of Rule 16(a)(1) of the Federal Rules of Criminal Procedure.  Counsel for the government has also stated that he will "comply with the defendant's request for expert testimony pursuant to Rule 16(a)(E) of witnesses who will testify under Rules 702, 703 and 705 F.R.E."  As a result of these representations by counsel for the government, the defendant's request for Rule 16(a)(1) materials is DENIED on the basis that it is moot.

### 2.        Defendant's Demand For A Bill Of Particulars:

For reasons unknown to this Court, much of the defendant's demand relates to a claimed "conspiracy."  (*See* ¶ 28 of defense counsel's affidavit sworn to October 28, 2005 in support of this demand.  (Docket #s 7 and 8).  However, the Indictment herein (Docket #1) does not allege any form of conspiracy against the defendant and therefore, this aspect of the defendant's demand is DENIED on the basis that it is moot.

The defendant further claims that a bill of particulars "is necessary to enable the defendant (1) to prepare for trial; (2) to prevent unfair surprise at the time of trial; (3) to preclude successive prosecutions; and (4) to determine whether certain defenses are available."  (Docket #s 7 and 8, affidavit of defense counsel sworn to October 28, 2005, ¶ 27).

The defendant's request is DENIED. It has become axiomatic that the function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which she has been charged.  *United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v. United States*, 273 U.S. 77 (1927).  The charges in the Indictment, along with the discovery materials provided or to be provided by the government as aforesaid, clearly inform the defendant of the essential facts of the crimes charged.  As a result, the defendant is not entitled to, nor is she in need of, the "particulars" being sought for that purpose.

> "A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert. denied*, _____ U.S. _____, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989); *see also United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977). "Whether to grant a bill of particulars rests within the sound discretion of the district court." *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980)); *see also Bortnovsky*, 820 F.2d at 574. "Acquisition of evidentiary detail is not the function of the bill of particulars." *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990).

### 3.    Defendant's Request For *Brady, Giglio* and *Jencks* Materials:

The defendant has made a broad request for any and all materials and/or information, including a culling of government agent personnel files, that would be "exculpatory" to the defendant which the Court interprets as a broad request for "*Brady*," "*Giglio*" and "*Jencks*" materials as the defendant has used those labels in her motion.

Counsel for the government has acknowledged his responsibility under *Brady v. Maryland*, 373 U.S. 83 (1963) and subsequent cases and has stated that the government does not possess any exculpatory material within the contemplation of *Brady*. (Docket #9). The government has also represented that it will comply with the

requirements of 18 U.S.C. § 3500 with respect to production of statements of witnesses called to testify at trial.  As a result of these representations, the defendant's request for such materials, *i.e., Brady, Giglio* and *Jencks* is DENIED, but the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) by making timely disclosure of those materials to the defendant.

"[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *Id*. at 146.  The prosecution is obligated to disclose and turn over *Brady* material to the defense "in time for its effective use."  *Id*. at 144.  With respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his direct testimony.  *See* 18 U.S.C. § 3500; Rule 26.2 Fed.R.Crim.P.; *In Re United States*, 834 F.2d 283 (2d Cir. 1987).  However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order issued by the trial judge.

### 4.  Defendant's Demand For Disclosure Of Evidence Pursuant To Rules 404(b), 608 and 609 Of The F.R.E.:

Since counsel for the government has represented that the government "does not intend to utilize in its case in chief evidence" pursuant to Rules 404(b), 608

and 609 of the F.R.E. (Docket #9), this request of the defendant is DENIED on the

basis that it is moot.


### 5.     Preservation Of Rough Notes:

It appears that the defendant is attempting to have all potential *Jencks*

materials preserved.  The express admonition of the Court of Appeals for the Second

Circuit bears repeating in addressing this particular request of the defendant wherein

the Court stated:


> [W]e will look with an exceedingly jaundiced eye upon future efforts to justify non-production of a Rule 16 or Jencks Act "statement" by reference to "departmental policy" or "established practice" or anything of the like.  There simply is no longer any excuse for official ignorance regarding the mandate of the law.  Where, as here, destruction is deliberate, sanctions will normally follow, irrespective of the perpetrator's motivation, unless the government can bear the heavy burden of demonstrating that no prejudice resulted to the defendant. . . .  We emphatically second the district court's observation that any resulting costs in the form of added shelf space will be more than counterbalanced both by gains in the fairness of trials and also by the shielding of sound prosecutions from unnecessary obstacles to a conviction. *United States v. Buffalino*, 576 F.2d 446, 449-50, (2d Cir.), *cert. denied*, 439 U.S. 928 (1978); *see also United States v. Grammatikos*, 633 F.2d 1013, 1019-20 (2d Cir. 1980); *United States v. Miranda*, 526 F.2d 1319 (2d Cir. 1975), *cert. denied*, 429 U.S. 821 (1976).


The government is hereby DIRECTED to maintain and preserve all

materials that are known by the government to exist, that constitute potential *Jencks*

material in this case.

### 6.    Defendant's Request For Disclosure Of Informant Information:

The defendant requests that the government be directed to identify all

informants on whom the government has relied or will rely in any way in its investigation

and/or prosecution of this case and disclosure of information received from informants.

However, the defendant has failed to sufficiently state a basis for requiring the

disclosure of this information or "that the testimony of the informant would [be] of even

marginal value to the defendant's case."  As a result, the holding of the Court of

Appeals for the Second Circuit in *United States v. Saa*, 859 F.2d 1067 (2d Cir. 1988) is

dispositive of this request by the defendant wherein the Court stated:

> The leading Supreme Court case on this question,
> *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.
> 2d 639 (1957), holds that
>
>> [w]here the disclosure of an informant's
>> identity, or of the contents of his
>> communication, is relevant and helpful to the
>> defense of an accused, or is essential to the
>> fair determination of a cause, the [informant's]
>> privilege must give way.
>
> 353 U.S. at 60-61, 77 S.Ct. at 628.  The Court explained that
> "no fixed rule with respect to disclosure is justifiable."  *Id.* at
> 62, 77 S.Ct. at 628.  What is required is "balancing the
> public interest in protecting the flow of information against
> the individual's right to prepare his defense."  *Id.*  Whether
> non-disclosure is erroneous "must depend on the particular
> circumstances of each case, taking into consideration the
> crime charged, the possible defenses, the possible
> significance of the informer's testimony, and other relevant
> factors."  *Id.  See Rugendorf v. United States*, 376 U.S. 528,

534-35, 84 S.Ct. 825, 829, 11 L.Ed.2d 887 (1964); *United States v. Lilla*, 699 F.2d 99, 105 (2d Cir. 1983); *United States v. Ortega*, 471 F.2d 1350, 1359 (2d Cir. 1972), *cert. denied*, 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409 (1973).

The defendant is generally able to establish a right to disclosure "where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence." *United States v. Russotti*, 746 F.2d 945, 950 (2d Cir. 1984); *United States v. Roberts*, 388 F.2d 646, 648-49 (2d Cir. 1968); *see United States v. Price*, 783 F.2d 1132 (4th Cir. 1986); *United States v. Barnes*, 486 F.2d 776 (8th Cir. 1973). In *Roberts*, the informant introduced an undercover agent to the defendant and was present when the defendant and the agent negotiated and transacted two sales of heroin.  The Court, noting that the informant was "present during all the significant events," 388 F.2d at 649, found that he was "obviously a crucial witness to the alleged narcotics transactions," *id.*, and therefore, his whereabouts should have been revealed to the defense if properly requested. But disclosure of the identify or address of a confidential informant is not required unless the informant's testimony is shown to be material to the defense.  *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 870-81, 102 S.Ct. 3440, 3448, 73 L.Ed.2d 1193 (1982) (dictum); *United States v. Lila*, 699 F.2d at 105.  As this Court's recent opinion in *United States v. Jiminez*, 789 F.2d 167 (2d Cir. 1986) makes clear, it is not sufficient to show that the informant was a participant in and witness to the crime charged.  In *Jimenez*, the informant was both participant and witness, but the district court's refusal to order disclosure of his identity was upheld on the ground that the defendant had failed to show that the testimony of the informant "would have been of even marginal value to the defendant's case.  789 F.2d at 170."

*Id.* at 1073; *see also United States v. Fields*, 113 F.3d 313, 324 (2d Cir. 1997).


Since the defendant has not made a sufficient showing that any

informant's potential testimony is material to her defense, this request is DENIED.

-10-

7.      **Defendant's Motion *In Limine*:**

"Defense counsel requests (sic) a Motion *in limine* against the Prosecution for refusing to provide mandatory Discovery materials to [him] which are necessary for a proper Defense of the Defendant herein, . . . , in the Prosecution's voluntary Discovery, even after [defense counsel] requested additional materials twice." (Docket #s 7 and 8; affidavit of defense counsel sworn to October 28, 2005, ¶ 84).  The defendant also "requests sanctions against the Prosecution for failing to provide any government evidence showing/illustrating what allegations are being made against the Defendant herein, Kelly L. Bergman" since "everything else that has been received as material Discovery pertains to co-Defendant Scott E. Moore, whom [defense counsel] does not represent."  (Docket #s 7 and 8, affidavit of defense counsel sworn to October 28, 2005, ¶¶ 84 and 85).

Counsel for the government represents that he provided various discovery materials as reflected in his correspondence to defense counsel dated September 30, 2005, October 11, 2005 and November 4, 2005.  (Docket #9, Exhibits 1, 3 and 5 attached thereto).  By letter dated November 8, 2005, defense counsel rejected receipt of the materials supplied by the government under the aforesaid letter dated November 4, 2005 claiming that said materials were "untimely" (sic).  (Docket #9, Exhibit 6 attached thereto).

The defendant's discovery motion was filed with the Court on October 28, 2005, and a corrected discovery motion was filed on October 31, 2005.  (Docket #s 7 and 8).  The government provided voluntary discovery of materials to the defendant prior to the filing of this motion as reflected in its correspondence dated September 30 and October 11, 2005.  (Docket #9, Exhibits 1 and 3 attached thereto).  Additional materials were provided to the defendant once they came into the government's possession in "late October" as reflected in the government's correspondence to defense counsel dated November 4, 2005.  (Docket #9, Exhibit 5 attached thereto).

The defendant has failed to establish any violation of law or of the Federal Rules of Criminal Procedure in this regard.  She has also failed to establish that she was prejudiced in any way so as to have been deprived of due process.  Therefore, her motion *in limine* is DENIED.

### 8.   Defendant's Request For Evidence Presented To Grand Jury And A Copy Of The Grand Jury Minutes:

The defendant asserts that based on what the government has provided to her by way of voluntary discovery, "there was insufficient evidence provided to the grand jury, and the Indictment against [her] should be dismissed as insufficient." (Docket #s 7 and 8, affidavit of defense counsel sworn to October 28, 2005, ¶ 87).  As a result, she seeks disclosure of the grand jury minutes and the evidence presented to the grand jury in this case pursuant to Rule 6(e)(3)(E)(ii) of the Fed. R. Crim. P.

> [A]n indictment valid on its face is not subject to challenge
> on the ground that the grand jury acted on the basis of
> inadequate or incompetent evidence.

*United States v. Calandra*, 414 U.S. 338, 345 (1978).

> Furthermore,

> An indictment returned by a legally constituted and unbiased
> grand jury, like an information drawn by the prosecutor, if
> valid on its face, is enough to call for trial of the charge on
> the merits.  The Fifth Amendment requires nothing more.

*Costello v. United States*, 350 U.S. 359, 363 (1956).

Therefore, defendant's request for disclosure of the grand jury proceedings is DENIED.


**9.      Defendant's Request For A Severance:**

The defendant merely requests "a severance of [her] case from that of co-defendant, Scott E. Moore, for the purpose of Trial" (Docket #s 7 and 8) but does not offer anything further in support of such request.

> [W]hen defendants properly have been joined under Rule
> 8(b), a district court should grant a severance under Rule 14
> only if there is a serious risk that a joint trial would
> compromise a specific trial right of one of the defendants, or
> prevent the jury from making a reliable judgment about guilt
> or innocence.

*Zafiro v. United States*, 506 U.S. 534, 539 (1993).

When the charges against the defendants involve a common plan or scheme, the defendants who have been indicted together will normally be tried together.  *United States v. Matos-Peralta*, 691 F. Supp. 780, 789 (S.D.N.Y. 1988), *aff'd sub nom.  United States v. Benitez*, 920 F.2d 1080 (2d Cir. 1990).  "The disposition of a motion for severance under Rule 14 is entrusted to the sound discretion of the trial court.  *See United States v. Nersesian*, 824 F.2d 1294, 1303 (2d Cir. 1987)."  *United States v. Matos-Peralta* at 788; *Opper v. United States*, 348 U.S. 84 (1954).

The defendant maintains a "heavy burden" in establishing a right to a severance.  *United States v. Sotomayor*, 592 F.2d 1219, 1227 (2d Cir.), *cert. denied*, 442 U.S. 919 (1979).  She must establish that she will be so severely prejudiced by a joint trial that she will in effect be denied a fair trial.  *United States v. Persico*, 621 F. Supp. 842 (S.D.N.Y. 1985).

> The ultimate question is whether, under all the circumstances of the particular case, as a practical matter, it is within the capacity of the jurors to follow the court's admonitory instructions and accordingly to collate and appraise the independent evidence against each defendant solely upon that defendant's own acts, statements and conduct.  In sum, can the jury keep separate the evidence that is relevant to each defendant and render a fair and impartial verdict as to him?  If so, though the task be difficult, severance should not be granted.

*United States v. Kahaner*, 203 F. Supp. 78, 81-83 (S.D.N.Y. 1962); *aff'd*, 317 F.2d 459 (2d Cir.), *cert. denied*, 375 U.S. 836 (1963).

-14-

The charges against this defendant and her co-defendant in the Indictment are such that with appropriate instructions from the trial judge, a jury will be able to collate and appraise the independent evidence against the defendant solely on her acts, statements and conduct and thereby render a fair and impartial verdict as to her.  Therefore, defendant's request for a severance is DENIED.

### 10.    Defendant's Request To File Additional Motions:

The defendant requests "that she be permitted to have an extension of time for any motions based upon information developed and disclosed by the present Motion."  (Docket #s 7 and 8, affidavit of defense counsel sworn to October 28, 2005, ¶ 89).  This request is GRANTED subject to the limitation as contained in the aforesaid quote.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

/s/ H. Kenneth Schroeder, Jr.

_____
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**

**DATED:     Buffalo, New York**
**               June 6 , 2006**

-16-