**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        **v.**                        **05-CR-213A - 02**

**KELLY L. BERGMAN,**

        **Defendant.**

_____

**REPORT, RECOMMENDATION AND ORDER**

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.

**PRELIMINARY STATEMENT**

The defendant, Kelly L. Bergman ("the defendant"), is charged in a multicount indictment along with the co-defendant, Scott E. Moore, with having violated Title 21 of the United States Code, Sections 841(a)(1), 841(b)(1)(D), 841(b)(1)(C), 844(a) and Title 18 of the United States Code, Section 2 (Counts 2, 3, 5 and 6) and Title 18 of the United States Code, Section 924(c)(1) and (2) (Count 4). (Docket No. 1).

The defendant has filed a motion seeking the "suppression of physical evidence as well as a Suppression hearing or inquiry, pursuant to F. R. Cr. P. 12(b)(3)(C) . . . to determine the existence of and/or admissibility of any physical

evidence found at 282 Broadhead Avenue, upper apartment, Jamestown, New York, prior to or when Defendant was arrested, or after arrest . . . in the event it was acquired illegally."  (Docket #s 7 and 8, ¶ 8).

## DISCUSSION AND ANALYSIS

A search of the premises located at 282 Broadhead Avenue, Jamestown, New York was conducted pursuant to a search warrant issued on July 20, 2004 by a City Court judge for the City of Jamestown, New York and various materials were removed from the upper apartment at said premises pursuant to the search warrant.

In her motion, and more specifically, in the affidavit of defense counsel sworn to October 28, 2005, it is asserted that "Defendant Kelly L. Bergman was a lawful resident of 304 Forest Avenue, Jamestown, New York, and at the time of the seizure of the physical evidence therein."  (Docket #s 7 and 8, ¶ 79).  The defendant further asserts that "the search warrant was for Mr. Moore alone and was to be conducted at **his** place of residence: 282 Broadhead Avenue, upper apartment, Jamestown, New York."  (Docket #s 7 and 8, ¶ 81).  In essence, the defendant has denied any connection or interest in the premises located at 282 Broadhead Avenue, Jamestown, New York.  (Docket #s 7 and 8, ¶ 81).

"It has long been the rule that a defendant can urge the suppression of evidence obtained in violation of the Fourth Amendment only if that defendant

-2-

demonstrates that his Fourth Amendment rights were violated by the challenged search or seizure." *United States v. Padilla*, 508 U.S. 77, 81 (1993).

> The established principle is that suppression of the product of a Fourth Amendment violation can be successfully urged only by those whose rights were violated by the search itself, not by those who are aggrieved solely by the introduction of damaging evidence. Co-conspirators and codefendants have been accorded no special standing.

*Id., quoting Alderman v. United States*, 394 U.S. 165, 171-72 (1969). In other words,

> Fourth Amendment rights are personal rights which . . . may not be vicariously asserted. A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed. And since the exclusionary rule is an attempt to effectuate the guarantees of the Fourth Amendment, it is proper to permit only defendants whose Fourth Amendment rights have been violated to benefit from the rule's protections.

*Rakas v. Illinois*, 439 U.S. 128, 133-34 (1978) (internal quotation, citations & footnote omitted).

"[I]n order to claim the protection of the Fourth Amendment, a defendant must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable; *i.e.*, one that has 'a source outside of the Fourth Amendment, either by reference to concepts of real or personal property law or to understandings that are recognized and permitted by society.'" *Minnesota v. Carter*, 525 U.S. 83, 88 (1998), *quoting Rakas*, 439 U.S. at 143-44 & n.12. *See also Katz v. United States,* 389 U.S. 347 (1967). Thus, it is possible "for a defendant to

prove that the police acted illegally, and yet fail to prove that his own privacy interest was affected." *Rawlings v. Kentucky*, 448 U.S. 98, 112 (1980) (Blackmun, J., concurring).

Since the defendant has failed to establish any basis for asserting a violation of her Fourth Amendment rights as a result of the search of the premises located at 282 Broadhead Avenue, Jamestown, New York, her application for a suppression hearing is without merit as is her motion seeking to suppress the evidence seized from the premises located at 282 Broadhead Avenue, Jamestown, New York. Therefore, it is RECOMMENDED that her motion to suppress and her request for a suppression hearing be DENIED in their entirety.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report, Recommendation and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Report, Recommendation and Order), may result in the District Judge's refusal to consider the objection.**

/s/ H. Kenneth Schroeder, Jr.

_____
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**

DATED:   Buffalo, New York
         June 12, 2006