UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

          v.                                                 ORDER
                                                          05-CR-213A

KELLY L. BERGMAN,

                Defendant.

---

This case was referred to Magistrate Judge H. Kenneth Schroeder, Jr., pursuant to 28 U.S.C. § 636(b)(1)(A), on August 25, 2005. Defendant Kelly L. Bergman filed a motion, *inter alia*, to suppress evidence and for a suppression hearing, on October 31, 2005. On June 12, 2006, Magistrate Judge Schroeder filed a Report and Recommendation, recommending that defendant's motion to suppress and her request for a suppression hearing be denied.

Defendant filed objections to the Report and Recommendation on June 22, 2006, and the government filed a response thereto. Oral argument on the objections was held on August 25, 2006.

Pursuant to 28 U.S.C. § 636(b)(1), this Court must make a de novo determination of those portions of the Report and Recommendation to which objections have been made. Upon a de novo review of the Report and Recommendation, and after reviewing the submissions and hearing argument

from the parties, the Court adopts the proposed findings of the Report and Recommendation.

In addition to adopting the Magistrate Judge's finding that the defendant lacks standing to challenge the search at 282 Broadhead Avenue, Jamestown, New York, the Court finds that even if it were assumed *arguendo* that the defendant does have standing, her motion would have to be denied because she has failed to allege any violation of her constitutional rights.  The only argument offered by the defendant for the proposition that the search was unconstitutional is that the search warrant referred to the location to be searched as "the residence of Scott Moore," and the government was therefore precluded from seizing any evidence relating to the defendant.  This argument is unavailing.  The United States Supreme Court has long recognized that search warrants are not directed at a person; they authorize the search of "places" and a seizure of "things," and as a constitutional matter need not even name the person from whom the things will be seized.  See Zurcher v. Stanford Daily, 436 U.S. 547, 555 (1978).  It is obvious that the phrase "the residence of Scott Moore" was used in the search warrant simply to describe more specifically the place to be searched; it in no way limited the government to searching for and seizing evidence relating only to Mr. Moore.

Accordingly, for the reasons set forth in Magistrate Judge Schroeder's Report and Recommendation and herein, defendant's motion to suppress and

her request for a suppression hearing are denied in their entirety.  Counsel shall appear on September 26, 2006 at 1:00 p.m. for a meeting to set a trial date.

      IT IS SO ORDERED.

                      /s/ Richard J. Arcara
                      HONORABLE RICHARD J. ARCARA
                      CHIEF JUDGE
                      UNITED STATES DISTRICT COURT

DATED: September 25   , 2006